UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)** 23-15354

**Case Name** Sefo Fatai v. City and County of Honolulu, et al.

**Counsel submitting this form** Richard D. Lewallen

**Represented party/parties** Mark Ramos, Fumikazu Muraoka

*Briefly describe the dispute that gave rise to this lawsuit.*

In this malicious prosecution type lawsuit, Plaintiff was a known drug dealer in Ewa Beach, Oahu. Various Honolulu Police Department (HPD) officers were given detailed information by Kristine Medford ("Medford") as to her drug supplier, who she knew as "Junior", including that he is a bald Polynesian male who drives a silver Lexus with chrome wheels, and she typically buys one ounce of methamphetamine from him for $1,900. A controlled purchase between Medford and Plaintiff, who appeared exactly as Medford described him, occurred, with Plaintiff "fronting" one ounce of methamphetamine to Medford, for a total of two ounces of methamphetamine, in exchange for the $1,900 in buy money. Before and after searches of Medford and her vehicle occurred, and there was constant surveillance of Medford during the controlled purchase. One of the officers, Muraoka,, followed Plaintiff after the exchange of money for drugs occurred, and Muraoka was able to identify "Junior" as Plaintiff. The Plan was simply to identify "Junior" on that day, and use the controlled buy as a means to obtain a warrant, which was obtained. Although the execution of the warrant did not produce additional drugs, Medford, who initially did not agree to testify against Fatai, agreed to testify after the execution of the search warrant, and the Plaintiff was arrested based on probable cause. During the criminal proceedings, probable cause was upheld many times, including Plaintiff's knowing waiver of probable case. Fatai was also found to have threatened Medford in the elevator and violated a no contact order.

//

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 7** Rev. 09/01/22

1

*Briefly describe the result below and the main issues on appeal.*

Muraoka and Remos, the sole remaining defendants in this lawsuit, were denied qualified immunity on their summary judgment motion addressing all claims, although the district court conducted no qualified immunity analysis whatsoever in its order denying Muraoka and Ramos' summary judgment motion. The issues in this qualified immunity appeal are ones of law, when taking the evidence in the light most favorable to Plaintiff, and include, but are not limited to whether: (1) the district court erred in holding that the knowing waiver of probable cause by plaintiff and multiple repeated findings of probable cause throughout the criminal proceedings after all the same substantive issues were raised and argued by Plaintiff are not binding in this case, (2) the district court's statute of limitations analyses are incorrect as a matter of law, (3) the district court did not adequately address the "more persuasive evidence" requirement or standard, (4) the district court's causation analysis are erroneous as a matter of law, (5) the district court did not address the qualified immunity burden and did not engage in a qualified immunity analysis whatsoever, and (6) Muraoka and/or Ramos are entitled to qualified immunity under prongs one and/or 2 as it relates to the various claims whereby the district court denied qualified immunity.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

Muraoka and Ramos intend to file a motion to stay all remaining proceedings in the district court, and will do so after conducting a conference of the parties as required by the Local Rules. While the district court is automatically divested of jurisdiction over all federal claims, which are the subject of this qualified immunity appeal, the district court currently retains jurisdiction over the remaining state law claims, which are abuse of process, malicious prosecution, civil conspiracy, negligent infliction of emotional distress, and intentional infliction of emotional distress. The trial date is currently July 24, 2023. There are no ongoing related proceedings in other tribunals.

**Signature** s/ Richard D. Lewallen     **Date** 03/15/2023
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 7     Rev. 09/01/22

2