**NOT FOR PUBLICATION**

**FILED**

FEB 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEFO FATAI,<br><br>        Plaintiff-Appellee,<br><br> v.<br><br>MARK RAMOS, Officer; FUMIKAZU MURAOKA, Officer,<br><br>        Defendants-Appellants,<br><br> and<br><br>CITY AND COUNTY HONOLULU; et al.,<br><br>        Defendants. | No. 23-15354<br><br>D.C. No.<br>1:19-cv-00603-DKW-WRP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, Chief District Judge, Presiding

Submitted February 13, 2024[**]
Honolulu, Hawaii

Before: PAEZ, M. SMITH, and KOH, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Defendants appeal the district court's order denying their motion for summary judgment on qualified immunity grounds. Because we do not have jurisdiction to hear a fact-based, interlocutory appeal of a denial of qualified immunity, we dismiss the appeal.

1. Interlocutory orders "are typically not immediately appealable under [28 U.S.C.] § 1291." *Dupree v. Younger*, 598 U.S. 729, 734 (2023). The collateral-order doctrine "recognizes exceptions to this rule," including in some instances "an interlocutory order denying qualified immunity." *Id*. at 734 n.3 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). Defendants "cannot immediately appeal . . . [a] fact-related district court determination" denying their motion for summary judgment on qualified immunity. *Johnson v. Jones*, 515 U.S. 304, 307 (1995). Defendants may not "attempt to evade *Johnson*'s jurisdictional bar by characterizing their arguments as legal ones . . . ." *Peck v. Montoya*, 51 F.4th 877, 886 (9th Cir. 2022).

Although many of Defendants' arguments are "couched" in legal language, nearly all their arguments "actually go[] to the sufficiency of [Plaintiff's] evidence." *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013). Thus, we do not have jurisdiction to review Defendants' arguments.

2. To the extent that Defendants argue that the district court did not determine that the officers' conduct violated clearly established law, they waived those

arguments.  Their arguments before the district court constituted "bare assertions without supporting argument." *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 335 (9th Cir. 2017) (citing *Christian Legal Soc. Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 487–88 (9th Cir. 2010)).  Defendants specifically waived their argument under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), because it was not addressed in the motion for summary judgment below.

We "will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review." *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (citing *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam)).  Insofar as legal issues remain, "[j]udges are not like pigs, hunting for truffles buried in briefs." *Id.* (alteration in original).  Defendants refused to frame the facts in the light most favorable to Plaintiff, the required standard here.  *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987).  Thus, we need not address any remaining arguments.

**DISMISSED.**